IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

A.L.,

       Plaintiff,

v.

MEXICO PUBLIC SCHOOLS #59,

&

ROBERT CORTEZ,

       Defendants.

Case Number: 4:22-CV-419

**<u>JURY TRIAL DEMANDED</u>**

**<u>COMPLAINT</u>**

COMES NOW Plaintiff A.L. ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant Mexico Public Schools #59 ("Mexico") and Defendant Robert Cortez ("Cortez") states as follows:

***INTRODUCTION***

1. This cause of action is related to the physical abuse, sexual abuse, sexual harassment, and/or sexual discrimination (collectively referred to hereafter as "abuse") of Plaintiff in the 2014-2015 academic year and 2016-2017 academic year while he was a minor child and student at Mexico.

2. The abuse of Plaintiff was perpetrated by Defendant Robert Cortez.

3. Plaintiff is a resident of the State of Missouri.

4. Defendant Cortez was/is a resident of the State of Missouri.

1

5. Defendant Mexico is a public school district organized and existing under the laws of the State of Missouri and is located in Audrain County, Missouri, which is in the Eastern District of Missouri.

6. At all times herein, Mexico was/is the recipient of federal financial assistance and was engaged in educational programs and activities.

7. By accepting and receiving federal financial assistance, Mexico must comply with Title IX of the Education Amendments of 1972 (20 USC 1681-1688) (hereinafter referred to as "Title IX").

8. Title IX prohibits discrimination based on sex in an educational institution receiving federal financial assistance.

9. Venue and jurisdiction are proper in this Court.

10. This Court has subject matter jurisdiction over the claims under federal law.

11. This Court has supplemental jurisdiction over the state law claims herein.

12. At the time Plaintiff was being abused, Cortez was an employee of Mexico.

13. At the time of these incidents, Cortez as a high school band teacher within Mexico.

14. At all times herein, all Mexico employees, administrators (i.e., employees with administrative authority and/or board of education members with administrative authority), and/or board of education members, were acting within the course and scope of their employment and were state actors.

15. At all times relevant hereto, Mexico administrators were policy makers and/or administrators who had a duty to train, yet failed to train, administrators, employees, staff, students, and parents concerning sexual discrimination and harassment against students, concerning Title IX, and/or concerning employee-against-student sexual

2

misconduct/harassment, and in identifying, investigating, reporting, and stopping sexual harassment of students like Plaintiff, including sexual harassment committed by employees like Cortez.

16. During the 2014-2015 academic year, Cortez chaperoned a band trip which Plaintiff attended. On the band trip, Cortez had Plaintiff come to Cortez's hotel room. Cortez then forced Plaintiff to lay on top of him and patted/rubbed/touched Plaintiff's penis over Plaintiff's clothing.

17. During the 2016-2017 academic year, specifically in September 2016, while transporting Plaintiff to have Plaintiff's band uniform tailored, Cortez abused Plaintiff by:

    a.  Making sexual comments to Plaintiff;

    b.  Rubbing Plaintiff's inner thigh;

    c.  Rubbing Plaintiff's penis over his clothes; and

    d.  Exposing Plaintiff's penis and masturbating Plaintiff on two separate occasions.

18. During the September 2016 abuse, Plaintiff did not consent to the abuse and/or conduct perpetrated by Cortez. Cortez did so without obtaining Plaintiff's consent and did so forcefully.

19. After the September 2016 abuse, Plaintiff reported the abuse to a Mexico employee and a criminal investigation was initiated.

20. As a result of the criminal investigation, Cortez was prosecuted in Audrain County Circuit Court, State of Missouri (*State of Missouri v. Robert Cortez, Case Number: 16AU-CR00790 / 16AU-CR00790-01*).

21. Cortez initially lied and told investigators, school officials, and law enforcement that Plaintiff had fabricated the allegations against Cortez.

22. Cortez and/or his wife created a Facebook group called "Cortez's Army" for purposes of supporting Cortez against the allegations Plaintiff made against Cortez, which Cortez fraudulently maintained were false allegations.

23. Cortez, his wife, and Mexico employees joined Cortez's Army, then initiated and maintained a long campaign of character assassination against Plaintiff for speaking out about the abuse Plaintiff suffered at the hands of Cortez. Cortez's Army, including Mexico employees, maintained that Plaintiff was a liar and had fabricated the allegations against Cortez.

24. In the Department of Social Services – Children's Division – Child Abuse & Neglect ("DSS") investigation, Cortez lied and stated that Plaintiff had fabricated the allegations against Cortez.

25. When DSS ruled against Cortez, Cortez sued DSS and continued to fraudulently maintain that Plaintiff had fabricated the allegations.

26. When Mexico finally terminated Cortez due to his abuse of Plaintiff, Cortez sued Mexico and continued to fraudulently maintain that Plaintiff fabricated the allegations.

27. Cortez's, Mexico's, Mexico employees', and Cortez's Army's campaign against Plaintiff lasted from approximately September 2016 to October 2017.

28. Throughout Plaintiff's senior year at Mexico, Plaintiff was forced to defend himself against Cortez's, Mexico employees', Mexico's, and Cortez's Army's false narrative that Plaintiff had fabricated the allegations against Cortez.

29. However, on October 20, 2017, Cortez pled guilty in the criminal prosecution initiated against Cortez and was subsequently convicted of sexually abusing Plaintiff.

30. Only after Cortez finally admitted to his abuse of Plaintiff did the campaign against Plaintiff cease.

31. As a result of the abuse of Plaintiff, Cortez is a convicted sex offender.

32. Prior to the abuse of Plaintiff, Plaintiff was extremely passionate about music, had exceptional prowess in the field of music, and desired to pursue an academic career and professional career in music.

33. Due to the incidents involving Cortez, Mexico, and Plaintiff, Plaintiff abandoned his pursuit of music and his passion was extinguished given that music served, and continues to serve, as a constant reminder of the horrific abuse Plaintiff endured.

34. Due to the incidents involving Cortez, Mexico, and Plaintiff, Plaintiff was forced to forego immediately pursuing a college education after graduating from Mexico. Instead, Plaintiff was forced to take an entire academic year off before entering college.

35. Prior to the abuse of Plaintiff, Mexico was on actual notice of the following conduct by Cortez:

   a. In 2011, Cortez had Mexico students and college-aged students undress in Cortez's classroom at Mexico;

   b. In 2013, Cortez abused numerous students. Specifically, at least eight (8) male students stated they were abused by Cortez in that Cortez did one or more of the following to them:

      i. Inappropriate hugs;

      ii. Grabbing the male students' buttocks;

    iii.   Rubbing the male students' inner thighs;

    iv.   Making sexual comments;

    v.   Being overly "touchy-feely" with the male students;

    vi.   Tickling the male students;

    vii.   Massaging the male students;

    viii.   Attempting to touch the penis of one or more male students;

    ix.   Putting his hands in male students' front pockets and feeling around;

    x.   Taking male students' cellular phones and looking through them and telling the male students he was hoping to find inappropriate pictures of the male students to look at;

    xi.   Running his fingers along the inside of the waistbands of male students' pants;

    xii.   Failing to maintain proper boundaries with the male students;

    xiii.   Making male students feel uncomfortable due to the sexual and physical advances of Cortez;

    xiv.   Rubbing the lower backs of male students;

    xv.   Being affectionate with male students;

    xvi.   Placing his hand on the buttocks of male students; and/or

    xvii.   Placing his hand on the upper and inner thigh of male students;

c.  In 2014, Cortez sexually harassed a student to the point that the student withdrew from Mexico entirely;

d.  In 2014, Mexico found shirtless pictures of Cortez posted to Cortez's Mexico Google account; and

6

e.  In 2014, Mexico found pictures of numerous shirtless male students on Cortez's school computer.

36. Mexico, DSS, and law enforcement initiated investigations into the 2013 incidents referenced in Paragraph 35(b)(i)-(xvii).

37. Despite Mexico, including its employees with administrative authority, being on actual notice of the 2011 incident, Mexico continued to employ Cortez.

38. Despite Mexico, including its employees with administrative authority, being on actual notice of the 2013 incidents referenced in Paragraph 35(b)(i)-(xvii), Mexico continued to employ Cortez.

39. Despite Mexico, including its employees with administrative authority, being on actual notice of the 2014 incidents referenced in Paragraph 35(c), Mexico continued to employ Cortez.

40. Despite Mexico, including its employees with administrative authority, being on actual notice of the 2014 incidents referenced in Paragraph 35(d), Mexico continued to employ Cortez.

41. Despite Mexico, including its employees with administrative authority, being on actual notice of the 2014 incidents referenced in Paragraph 35(e), Mexico continued to employ Cortez.

42. Despite being on actual notice of all Cortez's previous abuse, sexual discrimination, and sexual harassment of students *prior* to the abuse of Plaintiff, Mexico consciously chose to remain deliberately indifferent to the rights of students, and continued to employ Cortez.

43. Cortez's abuse, sexual harassment, and sexual discrimination of students over the course of his career at Mexico was so pervasive that Mexico High School Principal Terry Robinson offered to, and did, send a timeline of Cortez's horrific conduct to DSS investigators when DSS investigated the abuse of Plaintiff.

44. During the course of DSS' investigation into the abuse of Plaintiff, DSS concluded that Cortez's grooming behaviors were similar, if not identical, to his grooming behavior and conduct in the 2013 investigation into the abuse of numerous Mexico students.

45. As a direct and proximate cause of Mexico's and/or Cortez's conduct, Plaintiff suffered physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

## COUNT I – SEXUAL ASSAULT & BATTERY AGAINST CORTEZ
## UNDER MISSOURI LAW

46. Plaintiff restates all previous allegations as if fully set forth herein.

47. Cortez's abuse of Plaintiff was intentional, offensive, unlawful, unjustified, and consisted of Cortez having offensive physical contact with Plaintiff.

48. In that Cortez's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Cortez is subject to punitive damages and Plaintiff requests an award of such punitive damages.

49. As a direct and proximate cause of Cortez's conduct, Plaintiff suffered physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Cortez for compensatory damages in the amount $20,000,000.00, for punitive damages in the amount of $20,000,000.00, for pre-judgment interest and post-judgment interest, for his costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II – VIOLATION OF 42 USC 1983 AGAINST CORTEZ**

50. Plaintiff restates all previous allegations as if fully set forth herein.

51. Cortez's conduct directed towards Plaintiff violated the following federal and Constitutional rights of Plaintiff:

   a. Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

   b. Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty); and

   c. 4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

52. Cortez's conduct towards Plaintiff discriminated against him based upon sex.

53. Cortez's physical conduct towards Plaintiff violated his right to bodily integrity and bodily liberty.

54. Cortez's violations of Plaintiff's federal and Constitutional rights constituted willful, wanton, conscious, and intentional choices by Cortez.

55. Cortez's violations of Plaintiff's federal and Constitutional rights were done with evil motive and malice.

56. At the time of Cortez's actions, he was a state actor.

57. As a direct and proximate cause of Cortez's violations of Plaintiff's clearly established federal and Constitutional rights, Plaintiff suffered physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

58. In that Cortez's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Cortez is subject to punitive damages and Plaintiff requests an award of such punitive damages.

59. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Cortez for compensatory damages of $20,000,000.00, for punitive damages in the amount of $20,000,000.00, for pre-judgment interest and post-judgment interest, for his attorneys' fees, for his costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – VIOLATION OF TITLE IX AGAINST MEXICO

60. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

61. Plaintiff had federal civil rights secured by federal statute, namely Title IX of the Education Amendments of 1972, which provides in pertinent part that "[N]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

62. Title IX was intended to benefit students like Plaintiff and intended to benefit Plaintiff.

63. Title IX provides Plaintiff, and students like Plaintiff, clear federal civil rights, which are not amorphous or vague, to be free from known sexual discrimination at school.

64. Title IX imposes binding mandatory obligations on schools like Mexico that are recipients of federal funding which prohibits them from discriminating against students on the basis of sex.

65. Prior to the abuse of Plaintiff, Mexico had actual knowledge of Cortez's sexual harassment, sexual abuse, and/or sexual discrimination of students.

66. Plaintiff suffered repeated abuse by Cortez, which is considered sexual discrimination prohibited by Title IX.

67. The Mexico employees, board members, and administrators with actual knowledge and/or notice had the authority and ability to investigate and take meaningful corrective action to end or prevent the harassment perpetrated upon female students, including Plaintiff, by Cortez, but failed to do so.

68. Mexico's failures to investigate or take any corrective action, despite prior harassment and ongoing harassment by Cortez, were clearly unreasonable in light of the known circumstances.

69. Through their actions and inaction, Mexico was deliberately indifferent to the sexual harassment, assault, and violence that Plaintiff suffered at Mexico, and proximately caused injury to Plaintiff

70. Through their actions and inaction, Mexico created a climate in which sexual harassment and misconduct was tolerated, thus encouraging Cortez's repeated harassment and misconduct, including his actions against Plaintiff, and proximately caused injury to Plaintiff

71. As a result of Mexico's deliberate indifference, Plaintiff was subjected to abuse by Cortez.

72. Mexico's deliberate indifference was a conscious choice.

73. The sexual harassment inflicted upon Plaintiff was severe, pervasive, objectively offensive, and effectively barred Plaintiff access to education opportunities and benefits.

74. The sexual harassment Cortez inflicted upon students and Plaintiff, along with Mexico's refusal to investigate or take appropriate action (in response to evidence, reports, and complaints of Cortez's prior abuse, sexual harassment, and sexual discrimination) to stop Cortez from being able to harass Plaintiff effectively barred Plaintiff from access to educational opportunities, benefits, and activities. Plaintiff suffered severe damages, walked the halls of Mexico schools embarrassed and suffering from severe mental health issues, became alienated socially, and suffered from post-traumatic stress disorder, including when at Mexico schools.

75. By their actions and inaction, Mexico acted with deliberate indifference toward the rights of students, and toward Plaintiff, to have a safe and secure education environment, thus materially impairing Plaintiff's ability to pursue his education at Mexico schools in violation of the requirements of Title IX.

76. Specifically, Mexico violated Title IX by, *inter alia*:

    a. Choosing to take no action to protect Plaintiff, despite the knowledge of a need to supervise, discipline, or take other correction action to prevent Cortez's harassment of students, including Plaintiff, and also failing to warn Plaintiff of the risk of abuse;

12

b. Choosing to take no action against Cortez to discipline or increase supervision of him;

c. Ignoring evidence, complaints, and reports regarding Cortez's sexual harassment of students and Plaintiff, and being deliberately indifferent thereto;

d. Failing to conduct their own investigations into reports, complaints, and evidence that Cortez was sexually harassing students prior to and during his harassment of Plaintiff and failing to conduct their own investigation into reports, complaints, and evidence that Cortez was continuously sexually harassing Plaintiff;

e. Requiring Plaintiff to fend for himself and attempt to protect himself from Cortez's harassment with no assistance from Mexico;

f. Protecting and advocating for Cortez, despite multiple reports of Cortez's sexually harassing students prior to and during the period he harassed Plaintiff;

g. Creating a climate that tolerated sexual harassment and other sexual misconduct, and that tolerated the complete disregard for reports, evidence, and complaints of sexual harassment/misconduct by employees, including Cortez, and being deliberately indifferent thereto;

h. Failing to develop or adopt policies and procedures to properly address complaints, reports, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

i.  Failing to adopt policies regarding prompt and equitable grievance procedures and investigation of reports, complaints, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

j.  Failing to provide policies, procedures, or training for Mexico administrators, employees, students, and students' parents about sexual harassment and misconduct;

k.  Failing to terminate or otherwise discipline Mexico's employees, including Cortez, for their willful disregard to Plaintiff's safety and rights, and being deliberately indifferent thereto;

l.  Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to Plaintiff after he was repeatedly sexually harassed by Cortez, and being deliberately indifferent thereto; and/or

m.  Through other actions, inaction, and deliberate indifference.

77. As a direct and proximate cause of Mexico's action, inaction, and deliberate indifference, Plaintiff suffered physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendant for $20,000,000.00 for pre-judgment interest and post-judgment interest, for his attorneys' fees, for his costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV – VIOLATION OF 42 USC 1983 AGAINST MEXICO

78. Plaintiff restates all previous allegations as if fully set forth herein.

79. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, Mexico was on prior actual notice that Cortez and/or other Mexico employees were abusing and harassing students and violating students' constitutional due process right to bodily integrity and liberty, constitutional right to be free from discrimination based on sex, and constitutional right to be free from unreasonable seizures.

80. Despite prior actual notice, Mexico was deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of its students.

81. Mexico's failure to act and process of turning a "blind eye" to the abuse of students demonstrated Mexico's policy, practice, pattern, and/or custom of allowing employees to sexually abuse and prey upon students.

82. Mexico failed to act upon reports of abuse of students.

83. Mexico failed to act upon evidence of abuse of students.

84. Mexico failed to investigate reports and/or evidence of abuse of students.

85. Mexico failed to adequately train its employees regarding abuse of students, including abuse of students by employees.

86. Mexico failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse of students.

87. Mexico's conduct amounts to deliberate indifference to the federal and Constitutional rights of Plaintiff and other students.

88. As a direct and proximate cause of Mexico's conduct, including Mexico's deliberate indifference, policies/practices/customs, and/or inadequate training, Plaintiff suffered

physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

89. Plaintiff is entitled to an award of his reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in his favor and against Defendant Mexico for $20,000,000.00, for his costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for his attorneys' fees, for his costs incurred herein, and for any further relief this Court deems just and proper.

### COUNT V – VIOLATION OF TITLE IX (RETALIATION) AGAINST MEXICO

90. Plaintiff restates all previous allegations as if fully set forth herein.

91. Title IX prohibits retaliation against persons that oppose actions that are unlawful under Title IX.

92. Plaintiff opposed Cortez's and/or Mexico's violations of Title IX after he was subjected to horrific abuse by Cortez while Plaintiff was a student at Mexico.

93. Instead of supporting Plaintiff, numerous employees of Mexico, including, upon information and belief, Mexico administrators, initiated, perpetuated, and/or maintained a campaign against Plaintiff in which they maintained Plaintiff was a liar and fabricating the allegations against Cortez.

94. The conduct by Mexico and its employees in response to Plaintiff's opposition to the unlawful abuse, discrimination, and harassment perpetrated by Cortez amounts to retaliation under Title IX.

95. Mexico, including its employees with administrative authority, were aware of the retaliation, yet consciously chose not to put a stop to the retaliation.

96. As a direct and proximate cause of Mexico's retaliation, acts, and/or omissions, Plaintiff suffered physical pain consistent with the abuse, has suffered, and will continue to suffer, emotional distress, pain and suffering, economic damages, and future economic damages.

WHEREFORE, Plaintiff prays for this Court to enter judgment in his favor and against Defendant Mexico for $20,000,000.00, for his costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for his attorneys' fees, for his costs incurred herein, and for any further relief this Court deems just and proper.

## COUNT VI – DEFAMATION AGAINST CORTEZ

97. Plaintiff restates all previous allegations as if fully set forth herein.

98. After Plaintiff came forward with allegations of abuse committed by Cortez, from September 2016 to October 2017, Cortez made numerous material misrepresentations of fact regarding Plaintiff, including but not limited to calling Plaintiff a liar and stating that Plaintiff fabricated the allegations against Cortez.

99. Cortez's aforementioned statements were false.

100. At all times, Cortez knew the statements were false.

101. As a direct and proximate cause of Cortez's defamatory statements, Plaintiff suffered harm to his reputation, embarrassment, anxiety, emotional distress, and will continue to suffer such damages in the future.

102. Cortez's conduct was willful, wanton, done with evil motive, and malicious. As such, Plaintiff is entitled to an award of punitive damages against Cortez.

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Cortez for compensatory damages of $20,000,000.00, for punitive damages in the amount of

17

$20,000,000.00, for pre-judgment interest and post-judgment interest, for his attorneys' fees, for his costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

THE O'BRIEN LAW FIRM, PC

BY: /S/ Grant C. Boyd
        Grant C. Boyd #67362
        Thomas L. Stewart #36173
        815 Geyer Ave
        St. Louis, MO  63104
        (314) 588-0558
        (314) 588-0634 FAX
        boyd@obrienlawfirm.com

*Attorneys for Plaintiff*