**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| A.L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00023-SEP |
| ) | |
| MEXICO SCHOOL ) | |
| DISTRICT NO. 59, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff A.L.'s Motion for Leave to Proceed Using Initials. Doc. [5]. Defendants Mexico School District No. 59 and Robert Cortez were served in this action on April 20, 2022, and April 18, 2022, respectively. Docs. [8], [9]. As the motion was filed on April 11, 2022, Defendants have had over two months to respond and have neglected to do so. For the reasons set forth below, the Court will grant the motion.

"Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe 6 v. St. Louis Charter Sch.*, 2019 WL 5863981, at *1 (E.D. Mo. Nov. 8, 2019) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties."). Thus, "there is a 'strong presumption against allowing parties to use a pseudonym.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (E.D. Mo. April 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Id.* (quoting *W.G.A.*, 184 F.R.D. at 617); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Courts occasionally permit litigants to proceed by pseudonym where the case involves "limited 'matters of a highly personal nature[.]'" *W.G.A.*, 184 F.R.D. at 617 (quoting *Heather K. v. City of Mallard, Ia.*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)). The decision is ultimately a matter of judicial discretion. *Doe 6*, 2019 WL 5863981, at *1 (citing *W.G.A.*, 184 F.R.D. at 617). At this time, neither the Supreme Court nor the Eighth Circuit has provided specific guidance on when the use of a

1

pseudonym is proper. Those federal courts of appeals and district courts that have opined on the question have applied a totality-of-the-circumstances balancing test, requiring a court to "determine whether the plaintiff 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *W.G.A.*, 184 F.R.D. at 617 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Applying that test, district courts in the Eighth Circuit have identified three factors that militate in favor of allowing a litigant to proceed under pseudonym: "(1) plaintiff is challenging a governmental activity; (2) plaintiff would have to disclose information of the utmost intimacy in prosecuting his or her claim; or (3) plaintiff would be compelled to admit their intention to engage in illegal activity, thereby risking criminal prosecution." *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. April 2, 2019) (internal quotation marks omitted). "Additional circumstances courts consider include [(4)] whether the plaintiff would risk suffering injury if identified; and [(5)] whether the party defending against a suit brought under a pseudonym would be prejudiced." *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (collecting cases). And courts have also considered: (6) "the extent to which the identity of the litigant has been kept confidential"; (7) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (8) "whether the interests of children are at stake." *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1046-47 (N. D. Iowa 1999).

Here, factor seven supports denying the motion. This lawsuit is not over "purely legal issues" such that there is an "atypically weak public interest in knowing the litigants' identities." *See Hartz*, 52 F. Supp. 2d at 1047. To the contrary, the facts underlying this case have generated considerable public interest. *See, e.g.*, *Former Mexico Teacher Pleads Guilty to Sexual Contact with a Student*, ABC 17 NEWS (Oct. 20, 2017), https://abc17news.com/news/2017/10/20/former-mexico-teacher-pleads-guilty-to-sexual-contact-with-a-student/.

On the other side of the scale, factors one, two, five, and six support granting the motion.

First, A.L. alleges claims against the government, as A.L. names Mexico School District No. 59 as a defendant and seeks to hold it liable for violations of Title IX and 42 U.S.C. § 1983. Doc. [1] at 10-17.

Regarding the second factor, this lawsuit relates to serious sexual abuse suffered by A.L. at the hands of Cortez during A.L.'s time at Mexico School District No. 59. *See* Doc. [1] ¶ 17. This Court has allowed victims of sexual abuse raising comparable claims to proceed anonymously in actions against their educational institutions. *See St. Louis Univ.*, 2009 WL 910738, at *4-*5 (allowing a rape

victim to proceed anonymously against Saint Louis University); *Washington Univ.*, 2019 WL 11307648, at *2. Additionally, A.L.'s interest in anonymity is all the more acute because the abusive conduct occurred during his childhood. *See Doe v. Roman Catholic Archdiocese of St. Louis*, 2020 WL 2512209, at *1 (E.D. Mo. May 15, 2020) (allowing the adult plaintiff to proceed anonymously due to "[p]laintiff's allegations that one Defendant sexually abused [p]laintiff during his childhood"); *see also John Doe CS v. Capuchin Franciscan Friars*, 520 F. Supp. 2d 1124 (E.D. Mo. 2007) (considering claims by anonymous plaintiff against teacher at Cardinal Ritter Preparatory High School); *Doe H.M. v. St. Louis Cnty.*, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (granting a motion to proceed anonymously where plaintiff alleged that he was sexually abused as a child because there was a "likelihood that very personal information about his childhood may be disclosed in the case").

As for the fifth factor, there is no suggestion that Defendants would be prejudiced should the Court allow A.L. to proceed anonymously. The allegations relating to A.L.'s sexual abuse are confined to the academic years of 2014 through 2015 and 2016 through 2017 and are pled with relative specificity. *See, e.g.*, Doc. [1] ¶¶ 1, 16-17, 23, 27, 29. Additionally, because Defendant Cortez has pled guilty to the sexual abuse of A.L., it seems unlikely that Defendants are not aware of A.L.'s true identity. *See* Guilty Plea, *State v. Robert Victor Cortez*, No. 16AU-CR00790-01 (Oct. 20, 2017).[1]

Finally, the sixth factor also appears to weigh in A.L.'s favor. The Court is unaware of any news media or court filings disclosing A.L.'s identity.

Because the balance of the factors supports the conclusion that A.L. has a "substantial privacy right which outweighs" the public's interest in "openness to judicial proceedings," *W.G.A.*, 184 F.R.D. at 617, the Court will grant A.L.'s motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Using Initials, Doc. [5], is **GRANTED**.

Dated this 29th day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the state criminal docket. *See, e.g.*, *Mumin v. Hansen*, 2020 WL 3402043, at *3 n.2 (D. Neb. June 19, 2020) (taking judicial notice of computerized records related to state criminal conviction).

3